**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

DAVID MACK MAHER,               )
                                )
            Plaintiff,           )
                                )
v.                              )    Case No. CIV-16-128-JHP-KEW
                                )
NANCY A. BERRYHILL, Acting       )
Commissioner of Social           )
Security Administration,         )
                                )
            Defendant.           )

## REPORT AND RECOMMENDATION

Plaintiff David Mack Maher (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 63 years old at the time of the ALJ's latest decision. Claimant obtained his GED with some finance training. Claimant has worked in the past as an accounting tech. Claimant alleges an inability to work beginning December 8, 2009 due to limitations resulting from diabetes, neuropathy, substance abuse, and mental conditions.

### Procedural History

On September 1, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act.  Claimant's application was denied initially and upon reconsideration.  After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on September 26, 2012.  On appeal to this Court, the decision was reversed and remanded for further consideration.

On December 14, 2015, ALJ Lantz McClain conducted an administrative hearing by video with Claimant appearing in Muskogee, Oklahoma and the ALJ presiding in Tulsa, Oklahoma.  On January 29, 2016, the ALJ issued an unfavorable decision.  Claimant declined to object to the Appeals Council.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.984, 416.1484.

### Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation.  He determined that while Claimant suffered from severe impairments, he retained the RFC to perform his past relevant work.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to

4

comply with this Court's remand Order by determining the effect of Claimant's mental impairment on his ability to engage in his past relevant work; and (2) failing to apply the correct standards to justify rejecting the finding of the government agency that Claimant could not perform his past relevant work.

**Consideration of Mental Impairments**

In his decision, the ALJ determined Claimant suffered from the severe impairments of diabetes mellitus with neuropathy and arthralgia of the left wrist. (Tr. 372). The ALJ concluded that Claimant retained the RFC to perform sedentary work. In so doing, he found Claimant could lift and/or carry ten pounds occasionally and ten pounds frequently, could stand and/or walk at least two hours in an eight hour workday, and could sit for at least six hours in an eight hour workday. Claimant could engage in no more than frequent reaching, handling, and fingering. (Tr. 376).

After consulting with a vocational expert, the ALJ concluded Claimant could perform his past relevant work as an accounting tech. (Tr. 384). As a result, the ALJ found Claimant was not disabled from December 8, 2009, the alleged onset date, through December 31, 2014, the date last insured. Id.

Claimant contends the ALJ failed to consider his mental limitations at step four in evaluating whether Claimant could

perform his past relevant work. Claimant's past relevant work as an accounting tech or clerk represents skilled work requiring a reasoning level of R4.[2] The ALJ concluded Claimant's mental impairments were not severe at step two but he was not permitted to simply disregard the impairment at step four, even if non-severe. Wells v. Colvin, 727 F.3d 1061, 1069 (10th Cir. 2013). Claimant has been found to have mild limitations in maintaining concentration, persistence, or pace. (Tr. 247). Dr. Elgin assessed Claimant's mental status and found Claimant experienced marked limitations in the ability to understand, remember, and carry out detailed instructions, ability to maintain attention and concentration for extended periods, and ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, and ability to complete a normal workday and workweek without interruptions from pain or medication. (Tr. 283-84). The ALJ gave "little weight" to this treating physician's report because Dr. Elgin only saw Claimant on three occasions and normal findings from an August 2015 physical examination. (Tr. 382-

---

[2] The GED reasoning levels are associated with the level of simplicity associated with a particular job. Cooper v. Barnhart, 2004 WL 2381515, at 4 (N.D. Okla.). An R4 reasoning level requires the ability to "apply principles of rational systems to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists. Interpret a variety of instructions furnished in written, oral, diagrammatic, or schedule form." *Dictionary of Occupational Titles*.

83). The ALJ, however, made no mention as to whether he gave Dr. Elgin's restrictions due to mental impairments any weight - particularly the findings on concentration and attention as well as understanding and remembering - findings relevant to the skilled past relevant work to which the ALJ found Claimant could return. But for the skilled nature of Claimant's past relevant work, the ALJ's manner of addressing Claimant's non-severe mental impairment might have sufficed. Because of the underlying requirements of the job, however, the ALJ must address the effect of Claimant's mental restrictions upon his ability to perform his past work. *See* <u>Winfrey v. Chater</u>, 92 F.3d 1017, 1023 (10th Cir. 1996).

**Consideration of Disability Finding of Another Agency**

Claimant also contends the ALJ failed to properly consider the finding of disability by the Veterans Administration for FERS as directed by this Court on the first remand of this case. The ALJ gave the decision "little weight" because the Office of Personnel Management does not apply the same standards of functional assessment as the Social Security Administration. (Tr. 383). This Court remains troubled by the fact that the VA certified it could not accommodate Claimant's conditions and he could not be reassigned in order to find him disabled. Now, the ALJ specifically finds Claimant may return to the very job the VA certified he could not

7

perform.  On remand, the ALJ should specifically engage in an examination of the demands of Claimant's past relevant work as he performed it and whether the VA's disability findings should be given additional weight as a result.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the case REMANDED for further proceedings**.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 30th day of August, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE